CLD-144                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3637
_____

ROBERT LANTER,
                                        Appellant

v.

WARDEN LEWISBURG USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-20-cv-02163)
District Judge:  Honorable Sylvia H. Rambo

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 or
Issuance of a Certificate of Appealability Pursuant to 28 U.S.C. § 2253(c)(1)
April 8, 2021
Before:  RESTREPO, MATEY, and SCIRICA, Circuit Judges

(Opinion filed April 22, 2021)
_____

OPINION[*]
_____

PER CURIAM

        Robert Lanter appeals from the District Court's dismissal of his habeas petition filed

under 28 U.S.C. § 2241.  We will affirm.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Lanter's § 2241 habeas petition concerns his criminal case in the United States District Court for the Eastern District of Tennessee (E.D. Tenn. 3:16-cr-00093). In 2016, Lanter pleaded guilty to aiding and abetting possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) & (2). In 2017, the sentencing court imposed a 120-month term of imprisonment. Lanter did not file a direct appeal. He also did not challenge his conviction by filing a motion to vacate under 28 U.S.C. § 2255.

In November 2020, while incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania,[1] Lanter filed his § 2241 habeas petition in the Middle District of Pennsylvania, the district of his confinement. He asserted that he is actually innocent of violating § 922(g), stating that he was unaware that the firearms were in his co-defendant's home and did nothing to aid her firearm possession. He also argued that the indictment lacked sufficient detail concerning the elements of the offense. Moreover, Lanter contended that he would not have pleaded guilty if he had known that one of § 922(g)'s elements is that he knew that he belonged to a class of persons barred from possessing a firearm. As relief, Lanter sought to have his conviction and sentence vacated and to be released. The Government filed a response, arguing that the District Court lacked § 2241 habeas jurisdiction because Lanter's § 2255 remedy had not been rendered inadequate or ineffective to trigger § 2255's savings clause, § 2255(e).

---

[1] Currently, Lanter is incarcerated at FCI Allenwood-Medium, White Deer, Pennsylvania.

The District Court interpreted Lanter's challenge to his § 922(g) conviction as a claim of actual innocence under Rehaif v. United States, 139 S. Ct. 2191 (2019), because he alleged that the Government failed to establish that he knew that he belonged to a category of persons barred from possessing a firearm, in addition to proving that he knew that he possessed the firearm. However, the District Court dismissed Lanter's § 2241 habeas petition for lack of jurisdiction because a § 2255 motion was the appropriate vehicle to challenge his conviction. Also, the District Court determined that it would not be "in the interest of justice" under 28 U.S.C. §1631 to transfer the petition to the sentencing court for consideration under § 2255, noting that Lanter's petition would have been untimely.

Lanter appeals. The parties were notified that the appeal would be submitted for possible dismissal under 28 U.S.C. § 1915(e)(2)(B) and for possible summary action under Third Circuit LAR 27.4 and I.O.P. 10.6.[2] We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to any factual findings. Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).

A § 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. See Davis v. United States, 417 U.S. 333, 343 (1974); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). A

_____

[2] The parties were also notified that Lanter's notice of appeal would be treated as a request for a certificate of appealability. But federal prisoners do not need a certificate of appealability to appeal from the denial of a § 2241 petition, see Bruce v. Warden Lewisburg USP, 868 F.3d 170, 177 (3d Cir. 2017), so any such request is denied as unnecessary, and we have jurisdiction under 28 U.S.C. §§ 1291 and 2253.

petitioner in federal custody may pursue a § 2241 habeas petition to challenge the validity of his conviction or sentence only if the § 2255 remedy is inadequate or ineffective to test the legality of his detention. See 28 U.S.C. § 2255(e); In re Dorsainvil, 119 F.3d 245, 249-51 (3d Cir. 1997). The § 2255(e) "safety valve" is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law. See Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d at 251).

In his memorandum in support of his appeal, Lanter argues that he may proceed under § 2241 because he asserts his actual innocence. Yet his case does not present a situation where § 2255 is an inadequate or ineffective remedy for addressing his actual innocence claim. Unlike in Dorsainvil, Lanter made no attempt to bring a § 2255 motion before filing his habeas petition, so the statute's restrictions on filing second or successive § 2255 motions were not implicated. Lanter did not need to resort to § 2241, and the District Court had no basis to exercise § 2241 habeas jurisdiction to consider his claims.

Lanter indicated in his habeas petition that he did not bring his claims under § 2255 because he faced the obstacle of untimeliness. Indeed, the District Court discussed the untimeliness issue in declining to transfer Lanter's petition to the sentencing court as a § 2255 motion. Even so, the prospect that the sentencing court would deem his § 2255 motion untimely does not provide a basis for the District Court's § 2241 habeas jurisdiction. Section § 2255 is not rendered "inadequate or ineffective" merely because Lanter cannot meet the procedural requirements of § 2255. See Okereke, 307 F.3d at 120.

4

Because Lanter's § 2241 habeas petition failed to satisfy § 2255(e)'s safety valve provision, the District Court lacked jurisdiction to consider it, and dismissal of the § 2241 petition was appropriate. See Robinson v. Johnson, 313 F.3d 128, 139-40 (3d Cir. 2002). Also, we discern no error in the District Court's decision to decline to transfer Lanter's habeas petition to the sentencing court as a § 2255 motion.[3]

Because no substantial question is presented by this appeal, we will affirm the judgment of the District Court. See Third Circuit LAR 27.4; I.O.P. 10.6.

---

[3] Even though the District Court declined to transfer the petition, it dismissed the petition without prejudice. Lanter is free to consider whether to raise his actual innocence claims to the sentencing court in a § 2255 motion, keeping in mind that he would be subject to the procedural requirements that apply to § 2255 motions. We express no opinion on the viability of any such pursuit of relief.